UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL TRUPEI,                     )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )   Civil Action No. 04-1117 (EGS)
                                    )   Document No.   12
FEDERAL AVIATION                    )
ADMINISTRATION, U.S.                )
DEPARTMENT OF TRANSPORTATION,)
                                    )
      Defendants.                   )
_____)

MEMORANDUM OPINION

This matter brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's motion for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion.

I. BACKGROUND

The following facts are taken from defendant's Statement of Material Facts Not in Genuine Issue ("Deft's Facts") and the supporting declaration. By letter dated April 17, 2004, plaintiff requested the oaths of office, officer affidavits, and fidelity bonds for three named individuals "and/or other entity's personnel connected with this matter." Deft's Facts ¶ 1. By letter dated June 8, 2004, defendant released unredacted copies of the requested oaths and affidavits of the individuals who are employees of the Federal Aviation Administration ("FAA"). *Id*. ¶¶ 12-15. Defendant advised plaintiff that it located no records responsive to his request for fidelity bonds. Defendant moves for summary judgment on the ground that it conducted an adequate search for responsive records and released them in their entirety.

## II.  STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment.  The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In resolving a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.  *Id*. 477 U.S. at 255 (citations omitted).

In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  When, as in this case, responsive records are not located, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  Because the agency is

3

the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999) (*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57,  68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d at 1351).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### III.  DISCUSSION

The only issue pertains to defendant's search for records.[1]  Defendant proffers the Declaration of Robert Stanley Wayland (Def't's Ex 1).  According to Mr. Wayland, who is a Lead Personnel Specialist in the FAA's Human Resource Management Division, records pertaining to FAA employees and their official duties are "maintained in the employees'

---

[1]  In addition to seeking records about the named employees, plaintiff also apparently sought the same records about "other entity's personnel connected with this matter." Plaintiff does not challenge defendant's reasonable assertion that this portion of the request was too vague to process.  *See* Deft's Mem. at 9.

4

official personnel folders, which are located in a secured filing room." *Id*. ¶ 12. Mr. Wayland "manually searched each [employee's] folder for records responsive to Mr. Trupei's request." *Id*. ¶ 13. He located "no copies on file of 'fidelity bonds' for the three [named] employees." *Id*. ¶ 16. Defendant has sufficiently demonstrated that it conducted a search reasonably likely to locate all responsive records. The Court therefore grants defendant's motion for summary judgment. A separate Order accompanies this Memorandum Opinion.

                                            SIGNED:    EMMET G. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

DATE: September 12, 2005